IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PRINCEO LAQUAN BROOKS, ) | |
|     Plaintiff, ) | Civil Case No. 7:20-cv-00104 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ACRJ, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Princeo Laquan Brooks is an inmate at the Albemarle-Charlottesville Regional Jail ("ACRJ"). Proceeding *pro se*, he filed this action pursuant to 42 U.S.C. § 1983 and named four defendants. The defendants are ACRJ, Col. Martin, Kumer, and C/O Thomas.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Brooks's complaint, as it is currently pled, the court concludes that the entirety of his complaint is subject to dismissal pursuant to § 1915A(b)(1). Nonetheless, in light of Brooks's status as a *pro se* litigant, the court will give him an opportunity to amend his complaint.

## I. BROOKS'S CLAIMS

Brooks's complaint does not contain many factual details. In his first claim, Brooks alleges that defendant Thomas closed his cell door without making Brooks aware ahead of time. The door "smashed" three of Brooks's fingers and resulted in a broken pinky finger and a torn tendon. (Compl. 2–3, Dkt. No. 1.)

In his second claim, Brooks states that he told Thomas about his injury right after it happened, at about 7:30 p.m. Instead of getting Brooks immediate medical treatment, Thomas made Brooks wait for the nurse to come through the pod on her rounds later that night. When the nurse saw Brooks, she made him fill out a sick call request. Brooks claims that he was not seen in the medical department until almost thirty-eight hours after the initial injury. His complaint seeks $630,000 in damages. (*Id.*)

## II. DISCUSSION

**A. Brooks fails to state a claim against defendants ACRJ, Col. Martin, and Kumer.**

Brooks's complaint does not state whether ACRJ is a defendant to one or both claims; regardless, all claims against ACRJ must be dismissed. A jail is not a "person" subject to suit under § 1983 or a legal entity, and Brooks cannot maintain this action against the defendant jail. *See also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail is not a "person" under § 1983 and also "lacks the capacity to be sued").[1]

Additionally, Brooks's claims against defendants Col. Martin and Kumer fail because

---

[1] Even if Brooks had brought his claims against the Albemarle-Charlottesville Regional Jail Authority ("the Jail Authority"), who operates ACRJ, he has not alleged facts sufficient to state a claim against that entity, either. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Brooks has alleged no facts concerning any official policy or custom of the Jail Authority.

2

he does not allege any action by either of them; they simply are listed in the caption of the complaint. Indeed, he does not even identify who these individuals are. Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Because Brooks fails to identify any action or omission by Col. Martin or Kumer, those defendants will be dismissed.

**B. Brooks's first claim against Thomas fails to state a constitutional claim.**

The court turns now to the substance of Brook's claims, which remain only against Thomas. In his first claim, which he titles "incompetence," Brooks simply states that Thomas injured Brooks's fingers when he closed his cell door on them, without making Brooks aware that the door would be closing. His current allegations fail to state a constitutional violation.

In particular, Brooks explicitly alleges that the closing of the door was the result of incompetence, and negligence alone cannot support an Eighth Amendment claim. Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. *Daniels v. Williams,* 474 U.S. 327, 335–36 (1986) (concluding that plaintiff could not make out a Fourteenth Amendment claim based on a correctional deputy's negligent conduct in leaving a pillow on the stairs, which resulted in plaintiff slipping and being injured). Therefore, Brooks's negligent actions do not give rise to a claim actionable under § 1983.

3

To the extent his first claim could be construed as an Eighth Amendment claim based on unconstitutional conditions, Brooks must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).  To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions.  *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  To satisfy the second element here, Brooks would have to show both that Thomas was actually aware of a serious risk of significant harm to Brooks by his closing of Brooks's cell door and that Thomas acted with deliberate indifference to that risk.  Brooks's complaint does not even include either allegation, let alone set forth any facts that would support either.[2]

## C. Brooks's second claim against Thomas fails to state a constitutional claim.

Brooks's second claim is titled "negligence."  The court interprets this claim as an Eighth Amendment claim of deliberate indifference to Brooks's medical needs because Thomas failed to get Brooks immediate medical attention.

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019).  To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity

---

[2] To the extent he intended his claim to be an excessive force claim, it also fails.  Brooks can succeed on an excessive force claim only if he shows that Thomas (1) used "nontrivial" force (objective component), *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), and (2) acted with "wantonness in the infliction of pain" (subjective component), *Whitley v. Albers*, 475 U.S. 312, 322 (1986).  He has not alleged any facts to plausibly show that Brooks acted with the required subjective intent.

for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57. The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017). The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997); *Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Moreover, to state a constitutional claim, Thomas's conduct must have been "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Milter v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

      Brooks's complaint fails to allege sufficient facts to state a deliberate indifference claim against Thomas. First of all, it is far from clear that a broken finger and torn tendon in his finger would constitute a sufficiently serious medical condition so as to satisfy the objective element of his claim. Indeed, "[n]umerous district courts have held that a broken finger is generally not a sufficiently serious medical need to support an Eighth Amendment violation." *Jacobs v. Wilson*, No. 3:13-CV-89, 2014 WL 3700553, at *5 (July 24, 2014) (collecting authority); *but see Thompson v. Clarke*, No. 7:17cv00111, 2018 WL 4689474, at *5 (Sept. 28, 2018) (acknowledging the authority so holding, but concluding there was a dispute of fact as to whether the objective prong was satisfied where the plaintiff suffered "more than a mere broken finger"; his injuries included "a finger fracture, a dislocated finger, bruises, and emotional distress").

      Even assuming that Brooks's alleged injuries would satisfy the first element, he has not

5

stated facts to plausibly allege that Thomas was deliberately indifferent. Although he states that he reported to Thomas that his fingers had been injured, Brooks himself deems Thomas's conduct in not getting him medical attention sooner only negligent. Moreover, the limited facts that Brooks alleges are that Thomas knew Brooks's fingers had been injured and he required Brooks to wait several hours to see the nurse, rather than taking steps to get him immediate attention. Notably, Brooks does not allege that he was in pain during that time or that he continued to complain or request medical treatment. In any event, requiring an inmate with several injured fingers to wait a few hours to be seen by a nurse is not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Milter v. Beorn*, 896 F.2d at 851. Accordingly, the court concludes that the allegations pled by Brooks do not state an Eighth Amendment deliberate indifference claim.

**D. The court will decline to exercise jurisdiction over Brooks's state law claims.**

To the extent that any of Brooks's claims can be interpreted as state law tort claims, the court declines to exercise jurisdiction over them in light of the dismissal of his federal claims. *See* 28 U.S.C. § 1367(c)(3).

III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Brooks's federal claims pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. Any state law claims will be dismissed pursuant to 28 U.S.C. § 1367(c)(3). His claims against ACRJ will be dismissed with prejudice; his remaining claims will be dismissed without prejudice.

In consideration of Brooks's status as a *pro se* litigant, the court will give him an opportunity to amend his complaint, if he wishes to do so, in order to correct the deficiencies

noted in this opinion. If he elects to amend, he shall do so within thirty days after entry of the accompanying order.

An appropriate order will be entered.

Entered: May 29, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge